*G. H. Stewart*, for plaintiff.
*W. O. Henderson et al*, for defendants.

---

## A VOIDABLE RECEIVERSHIP.

Circuit Court of Hamilton County.

FRED C. RAPP v. CINCINNATI PLASTIC RELIEF COMPANY ET AL.

. Decided, November 9, 1907.

*Corporations—Insufficient Allegations for a Receiver—Ratification of the Appointment of, Voidable, When—Section 5845.*

1. The allegation in a petition for the appointment of a receiver of a corporation that a note, upon which the petitioner is endorser, becomes due on the day of the filing of the petition, does not come within the provisions of Section 5845 for the reason that it does not allege a past due indebtedness, and therefore does not state ground for the appointment of a receiver.
2. Where the president of the corporation consents to the appointment of a receiver under such a petition, the error of the court in

naming a receiver is rendered voidable only by the subsequent ratification of the action of the president by the board of directors.

*Per Curiam.*

The object and prayer of the petition in this case, which was filed by a stockholder and creditor of the company, is not for the appointment of a receiver in aid of some equitable relief, but for the purpose of investing an officer of the court with all the ordinary duties and powers of the board of directors. The only allegation of the petition that indicates a different purpose is the following:

"The plaintiff further says that he is a stockholder in said company and that he has indorsed one note of $1,000 to the bank, which is included in the $9,000 aforesaid, and which is due and payable May 20, 1907, and that unless a receiver is appointed to preserve the equity in the real estate, the good will and business of said concern, he will suffer irreparable injury."

The petition was signed and sworn to on the 20th day of May, 1907, and it does not appear from the above allegation nor elsewhere in the petition that the note was past due and unpaid. Hence Section 5845, Revised Statutes, does not apply.

The president of the corporation, as such officer, consented to the appointment of a receiver, and although this act was unauthorized it was subsequently ratified and approved by the board of directors, which ratification related back and gave validity to the original act of the president (21 Ency. of Law, 853).

The court may have erred in the original appointment of a receiver, but it had jurisdiction of the subject-matter and of the person, and hence its action was voidable only.

It does not appear from the evidence that the receiver had such interest in the action as would prevent his appointment.

The judgment will be affirmed.

*W. B. Stier,* for plaintiff in error.

*A. E. Painter,* contra.